## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | |
| | ) | **No. 10-20075-01-KHV** |
| LAKISHA WESLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's <u>Motion For Review Of Release</u> (Doc. #10) filed June 9, 2010. On June 22, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On June 2, 2010, a grand jury charged defendant and others with conspiracy to manufacture, possess with intent to distribute and to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 846, distributing cocaine base within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860(a), distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) and maintaining a residence for the purposes of unlawfully manufacturing, distributing and storing cocaine base in violation of 21 U.S.C. § 856(a)(1) and (2). After a detention hearing, Magistrate Judge David J. Waxse ordered defendant released on certain conditions.

## Standard Of Review

The government may seek review of a magistrate judge's order of release. <u>See</u> 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate's order of release. <u>See</u> <u>United States</u>

v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court must make its own de novo

determination of the facts and legal conclusions with no deference to the magistrate judge's findings.

See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). A de novo evidentiary

hearing, however, is not required. See id. The district court may either "start from scratch" and take

relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge

including the exhibits admitted. United States v. Dozal, No. 09-20005-08/12/24-KHV, 2009 WL

873011, at *1 (D. Kan. March 27, 2009) (citing United States v. Torres, 929 F.2d 291, 292 (7th Cir.

1991)). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f);

Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it

may insist on direct testimony. See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with

or without conditions, unless it "finds that no condition or combination of conditions will reasonably

assure the appearance of the person as required and the safety of any other person and the

community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account

the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the
> offense is a crime of violence . . . or involves a minor victim or a controlled
> substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment,
> financial resources, length of residence in the community, community ties, past
> conduct, history relating to drug or alcohol abuse, criminal history, and record
> concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation,
> on parole, or on other release pending trial, sentencing, appeal, or completion of
> sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community). The indictment charges defendant with several drug crimes which carry a maximum sentence of more than 10 years in prison, thereby triggering the rebuttable presumption of detention. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment provides probable cause required by statute to trigger presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Stricklin, 932 F.2d at 1354. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special

-3-

risk of flight and dangerousness to society." <u>United States v. Holmes</u>, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting <u>United States v. Hare</u>, 837 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)). The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. <u>Lutz</u>, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. <u>Id.</u> at 1252.

## Factual Background

At the hearing on the government's motion for review, the Court allowed the parties to present information by proffer. The government proffered the following evidence:

From August of 2007 through November of 2007, the government conducted an investigation which ultimately resulted in indictments which charged defendant's husband, Monterial Wesley, and 42 others on drug conspiracy charges. The government found evidence that defendant was involved in money laundering related to the drug conspiracy but it has not charged defendant for such conduct.

In February of 2008, defendant and her sister sold crack cocaine within 1000 feet of an elementary school. On three occasions in 2009, defendant and her sister sold crack cocaine to undercover agents or confidential informants. Defendant admitted to the sale of crack cocaine on a bi-weekly basis in late 2009.

On January 4, 2010, law enforcement officials executed a search warrant of defendant's home in Leavenworth, Kansas. They found evidence of drug trafficking including marijuana,

cocaine, drug paraphernalia and ammunition. Defendant admitted to possession of a firearm. Defendant is currently unemployed and lives in Junction City, Kansas with her husband's uncle and his wife.

**Analysis**

## I.      Nature And Circumstances Of The Offense

As noted, the drug charges against defendant carry a maximum term of more than 10 years in prison, thereby triggering the rebuttable presumption for detention. This factor favors detention.

## II.     Weight Of The Evidence

The government has proffered strong evidence that defendant committed the charged offenses. Defendant did not contest the evidence which the government proffered. The evidence against defendant is overwhelming and favors detention.

## III.    History And Characteristics Of Defendant

Defendant has a minimal criminal record which includes convictions for traffic offenses and a charge of failure to appear. Defendant is married to Monterial Wesley who is currently serving a 30-year prison sentence. Defendant has two children, ages 10 and 15. Most of defendant's family reside in Kansas and defendant appears to have strong family ties in Kansas. From July of 2008 to March of 2010, defendant worked at a bank in Leavenworth, Kansas. This factor slightly favors release.

## IV.    Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk

of physical danger to the community, but the high risk that defendant will commit additional crimes involving drug distribution is sufficient to detain defendant.  See <u>United States v. Pina-Aboite</u>, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).  Based on evidence that defendant laundered money for a drug distribution network and has been selling crack cocaine on a regular basis since her husband was incarcerated on drug charges, the Court cannot predict that defendant would abandon her criminal activities.

**V.      Conclusion**

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will protect the community from the danger of additional crimes.  The government has carried its burden of proving that pretrial detention is warranted.

**IT IS THEREFORE ORDERED** that the government's <u>Motion For Review Of Release</u> (Doc. #10) filed June 9, 2010 be and hereby is **SUSTAINED**.  Defendant shall remain detained pending trial.

Dated this 23rd day of June, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge